The plaintiffs, as executors of Miles Brothers, and in their own rights, set out in their bill the following two clauses of the will of their testator, viz:
Second clause: "I give and bequeath unto my daughter Emily the farm known as the Andrew Brothers' tract, containing about fifty acres; and after my wife's death, I wish the land, last mentioned, sold, and the proceeds divided among my children and their heirs."
Seventh clause. "I give and bequeath unto my son, C. W. (114) Brothers, twenty-five acres of wood-land, lying near New began Creek, adjoining W. H. Davis and others, to be laid off on that side immediately contiguous to the said Davis' land; and all the remainder of said wood-land (that is, one-half of it) I wish sold, and the proceeds divided among all my heirs, and the balance to my granddaughter, Margaret Ann Brothers, and her heirs:" and ask for a construction upon the same by this Court.
The testator died about the month of February, 1848, leaving his wife Nancy, surviving, who died in May, 1855, and four children, to *Page 96 
wit: Martha, who had intermarried with Caleb Cartwright: Emily, the devisee mentioned in the second clause of the will above recited, who, after the death of the testator, intermarried with Ambrose W. Banks, and died in the life-time of the widow, leaving issue born in 1851 that died in 1852; and the plaintiffs in this suit. Besides these, his children, the testator left surviving him four grand-children, to wit: Wilson Reed and Elizabeth Reed, children of a deceased daughter, Milly; Margaret Ann Brothers, a daughter of Sarah Ann Brothers another deceased daughter of the testator; and Pernina Brother, a daughter of a third deceased daughter.
Administration on the estate of Emily was granted to Banks, her husband.
Margaret Ann, the daughter of Sarah Ann, died in the month of March, 1852, unmarried, and without issue, or brother, or sister, or the issue of such, leaving her father, Harvey Brothers, surviving her. Administration on her estate was taken by G. D. Pool.
Pernina, the daughter of Susan, died very young, without issue, or brother, or sister, or the issue of such, leaving her father, George W. Brothers, surviving her. Administration on her estate was also taken by G. D. Pool.
The plaintiffs allege, in their bill, that they have made sale of one-half of the balance of the land mentioned in the seventh clause of the will, after laying off the twenty-five acres to C. W. Brothers; (115) reserving one other half of this balance for the devisee Margaret Ann.
They also allege that since the death of the testator's widow, Nancy, they have made sale of the land mentioned in the second clause of the will, and have the proceeds in their hands ready for distribution.
The plaintiffs allege that opposite and conflicting claims are set up to the fund; the administrators of Emily, Margaret Ann and Pernina, insisting that the fund in question, is to be regarded as personalty, and that they are entitled to one-seventh each; while Cartwright and his wife, Banks, Wilson Reed, and Elizabeth Reed claim that the fund is still to be considered as realty, or was so to be considered up to the times of making the sales, and that the shares of Pernina, mentioned in both clauses, descended to her heirs-at-law, both sales having been made after her death. The plaintiffs claim, that by the death of Margaret Ann and Emily, except the life estate which the said Ambrose took by the curtesy, their interests descended to them, and to the said Caleb Cartwright and wife, and to Wilson and Elizabeth, who represent their deceased mother, Milly. They say further, that Cartwright and wife, and Wilson and Elizabeth Reed claim, that the proceeds of the *Page 97 
land, mentioned in the second clause, are to be distributed among such of the testator's children, and grand-children, as were living at the death of the testator's widow, which took place in May, 1852. Again, they state that Harvey Brothers and G. W. Brothers claim a life estate in the parts of the said fund which their daughters, Margaret Ann and Pernina, were entitled to: They state further, that as to the land mentioned in the seventh clause, it was contended that they should have sold all the remainder of the tract mentioned, after laying off the twenty-five acres to C. W. Brothers, whereas, they had only sold half of the remainder, believing that the other half of that remainder was devised to Margaret Ann.
The prayer of the bill is, that the Court will advise them as to the true intent and meaning of the said several provisions, and direct them in the discharge of their duty in regard to these (116) contradictory and conflicting claims.
The several persons above mentioned as having interests, were made parties defendant, who answered the bill admitting the statements of fact, as contained in the bill, but insisting on their several views as set forth in the plaintiffs' bill.
The cause was set down upon the bill, answer, and exhibit, and sent to this Court.
The pleadings present for construction two only, of the clauses in the will of the plaintiffs' testator, Miles Brothers. The difficulties suggested in ascertaining the meaning of these clauses may be easily solved by reference to two or three adjudications of this Court.
The land directed to be sold by the second clause became personal estate at the death of the testator's widow, when the sale was to be made. Croomv. Herring, 11 N.C. 393. Adams' Eq. 136. The division of the proceeds was then to take place, and it must be among those of his children who were then living, and the heirs of those who had died, either before the testator or after his death, and before the death of his widow. By heirs, as applied to a bequest of personal estate, it is settled that those are to take who are entitled according to the provisions of the statute of distributions; Croom v. Herring, ubi supra. Freeman v. Knight, 37 N.C. 72. In the events which have occurred, the husbands respectively of the testator's deceased daughters, Sarah Ann and Susan, are entitled, instead of the administrator of their respective daughters Margaret Ann and Pernina, who died intestate and without issue, before *Page 98 
the period of division. Indeed had the latter been living at that time, their fathers would have been entitled as representatives of their deceased wives. The children of Milly Reed, another deceased daughter of the testator, take their mother's share per stripes.
(117) There can be no doubt that the executors construed the seventh clause aright, in deciding to sell one-half of the remainder of the land mentioned, after setting apart twenty-five acres for C. W. Brothers. The proceeds of that sale were personal estate from the death of the testator, because the sale was directed to be made immediately, and the division was to take place at the same time. Hence we are to enquire who were his heirs? that is, who were entitled to claim from him under the statute of distributions at the time of his death? These were his children, and his grand-children who represented their deceased mothersper stirpes. As two of the grand-children died after the testator their shares will go to their personal representatives. The children of Milly Reed, deceased, can claim in this, as in the other fund, only their mother's share.
The difference in the distribution of the two funds arises, as it will be perceived, from the fact that the first was to be divided, at the death of the testator's widow, among the testator's children who might be then living, and the heirs (that is, those who might be entitled to take under the statute of distributions) of such of his children as were then dead; and the second was to be divided, at the testator's death, among all hisown heirs: that is, among those who were then entitled to take under the statute from him.
Per curiam.
Decree accordingly.
Cited: Burgin v. Patton, 58 N.C. 428; Mills v. Harris, 104 N.C. 631;Benbow v. Moore, 114 N.C. 270; Lee v. Baird, 132 N.C. 766; Duckworth v.Jordan, 138 N.C. 525; Elliott v. Loftin, 160 N.C. 362; Clifton v. Owens,170 N.C. 617; Everett v. Griffin, 174 N.C. 109; Brown v. Wilson,174 N.C. 639; McIver v. McKinney, 184 N.C. 397; Seagle v. Harris,214 N.C. 342. *Page 99